UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

1000 FRIENDS OF WISCONSIN, INC.,
a Wisconsin non-stock corporation
16 North Carroll Street, Suite 810
Madison, WI 53703,

         Plaintiff,

                 Civil Action No.

vs.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, an agency of the
United States Government
1200 New Jersey Avenue, SE
Washington, DC 20590,

RAY LAHOOD, in his official capacity as
Secretary of the U.S. Department of
Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590,

FEDERAL HIGHWAY ADMINISTRATION,
an operating administration of the United States
Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590,

VICTOR M. MENDEZ, in his official capacity
as Administrator of the Federal Highway
Administration
1200 New Jersey Avenue, SE
Washington, DC 20590,

STATE OF WISCONSIN DEPARTMENT OF
TRANSPORTATION, an agency of the State
of Wisconsin
Hill Farms State Transportation Building
4802 Sheboygan Avenue
Madison, WI 53705, and

MARK GOTTLIEB, in his official capacity
as Secretary of the Wisconsin Department of
Transportation
Hill Farms State Transportation Building
4802 Sheboygan Avenue
Madison, WI 53705,

                            Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

INTRODUCTION

    1.    This action challenges final action of Defendant Federal Highway Administration (FHWA) approving the WIS 23 Corridor Expansion Project, a project to expand Wisconsin State Highway 23 (WIS 23). The project, if it proceeds, will widen the existing two-lane roadway to four travel lanes with a median on an approximately 19-mile segment of WIS 23 between US 151 in Fond du Lac and County P in Plymouth, in Fond du Lac and Sheboygan Counties, Wisconsin, using federal and state funds at an estimated cost of $139.7 million. The intent of the action is to designate WIS 23 as an expressway under Wis. Stat. § 84.295. The project ("expressway project"), if it proceeds, will have major and significant environmental impacts. It would convert 423 acres of land (including 245 acres of cropland) and 43 acres of wetland to highway right of way; affect 71 acres of upland or woodland habitat; displace 24 residences, 16 farms, and five other businesses; sever an additional seven farms; encroach on floodplains; and affect several threatened and endangered species. Plaintiff (1000 Friends) contends that FHWA's final action approving the expressway project is unlawful because the action was based on a Final Environmental Impact Statement (FEIS) that FHWA and Defendant State of Wisconsin Department of Transportation (WisDOT) prepared without full and

adequate consideration of the environmental impacts of the project; without full and adequate consideration of the impacts of the project on historic sites and public parks, recreation areas, and wildlife refuges; and without holding an adequate public hearing as required by law.

2. Pursuant to the Administrative Procedure Act, 5 U.S.C. § 551, et seq., and Wis. Stat. § 227.57, the Complaint seeks:

   a. A declaratory judgment that the Federal Defendants (as defined in paragraph 12 below) and Defendant Gottlieb have failed to comply with the National Environmental Policy Act (NEPA), and the State Defendants (as defined in paragraph 15 below) with the Wisconsin Environmental Policy Act (WEPA), by failing to prepare an adequate FEIS;

   b. A declaratory judgment that the Federal Defendants have failed to comply with the Department of Transportation Act by failing to consider adequately the impacts of the expressway project on historical sites and public parks, recreation areas, and wildlife refuges;

   c. A declaratory judgment that the Federal Defendants and Defendant Gottlieb have failed to comply with the Federal Aid Highway Act (FAHA), and the State Defendants with WEPA, by failing to require or hold an adequate public hearing;

   d. A declaratory judgment that the Federal Defendants' approval of the expressway project, as well as the State Defendants' decision to proceed with the project, is by reason of the foregoing deficiencies arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

e. Vacation and remand of the FEIS, Record of Decision (ROD), and Notice of Final Federal Agency Actions pertaining to the expressway project for the purposes of curing the violations of NEPA, WEPA, the Department of Transportation Act, and FAHA, and reconsideration in light of this Court's Decision; and

f. Preliminary and permanent injunctions to prohibit all construction and construction-related activities related to the expressway project until an adequate FEIS has been prepared; impacts on historic sites and public parks, recreation areas, and wildlife refuges adequately considered; and an adequate public hearing provided.

## JURISDICTION AND VENUE

3. This action arises under NEPA, 42 U.S.C. § 4321, et seq.; WEPA, Wis. Stats. § 1.11; the Department of Transportation Act, 49 U.S.C. § 303(c); and FAHA, 23 U.S.C. § 128(a). This Court has jurisdiction of the federal law claims under 28 U.S.C. §§ 1331 and 1361, and supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the property that is the subject of the action is situated in this district.

5. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). This Court may issue a declaratory judgment and injunctive relief under 28 U.S.C. §§ 2201-2202.

## PARTIES

6. Plaintiff is a non-stock corporation incorporated in 1996 under the laws of the State of Wisconsin, and its principal place of business is located at 16 North Carroll Street, Suite 810, Madison, WI 53703. It has approximately 1,500 members. Plaintiff was

organized to advocate and promote uses of land, water, and air that shape healthy communities where people want to live, work, and play. It has fostered that objective since its inception through work that focuses on helping communities make the connection between land use and transportation decisions and Wisconsin's economic, environmental, and cultural health.

7. Various members of 1000 Friends live on or near the portion of Highway 23 that is the subject of the expressway project. Those members routinely use that highway, and roads connecting to it, for business and personal purposes. Those members also use and enjoy the natural resources in the area of the expressway project for various forms of recreation, including but not limited to wildlife viewing, photography, fishing, boating, swimming, hiking, and general aesthetic and spiritual enjoyment. Members of 1000 Friends will be adversely affected and injured by the expressway project in numerous ways, including but not limited to loss of real property; loss of property value; loss of woodlands and the wildlife that inhabits such woodlands; and adverse effects on their health and enjoyment of life due to increases in noise, air, and water pollution where they live, work, and recreate. The interests of 1000 Friends fall within the zone of interests protected by the laws sought to be enforced in this action.

8. Defendant United States Department of Transportation (USDOT) is a cabinet level agency of the United States Government, and its principal place of business is located at 1200 New Jersey Avenue, SE, Washington, DC 20590. It is the executive agency of the federal government responsible for approval of federally funded highway projects.

9. Defendant Ray LaHood, Secretary of Transportation, is the chief executive officer of USDOT. He is responsible for the administration, operations, and activities of USDOT, including the administration, operations, and activities of FHWA, an operating administration of USDOT. Secretary LaHood maintains his office at 1200 New Jersey Avenue, SE, Washington, DC 20590. He is sued in his official capacity only.

10. FHWA is an operating administration of USDOT, and its principal place of business is located at 1200 New Jersey Avenue, SE, Washington, DC 20590. FHWA is the administration primarily responsible for federal highway planning and funding. FHWA, through its Wisconsin Division, in conjunction with WisDOT, prepared, reviewed, and approved the FEIS for the expressway project.

11. Defendant Victor M. Mendez, Administrator of FHWA, is the chief executive officer of that Administration. He is responsible for the administration, operations, and activities of FHWA and its various divisions. Administrator Mendez maintains his office at 1200 New Jersey Avenue, SE, Washington, DC 20590. He is sued in his official capacity only.

12. This Complaint refers to Defendants identified in paragraphs 8 through 11 above collectively as the "Federal Defendants."

13. WisDOT is an administrative agency of the State of Wisconsin, and its principal place of business is located at Hill Farms State Transportation Building, 4802 Sheboygan Avenue, Madison, WI 53705. WisDOT is the agency primarily responsible for highway planning, funding, and construction in Wisconsin. In conjunction with FHWA, WisDOT prepared, reviewed, and approved the FEIS for the expressway project, and also held "public hearings" as part of the process of preparing that document.

14. Defendant Mark Gottlieb, Secretary of WisDOT, is that agency's chief executive officer. He is responsible for the administration, operations, and activities of WisDOT and its various divisions. Secretary Gottlieb maintains his office at Hill Farms State Transportation Building, 4802 Sheboygan Avenue, Madison, WI 53705. He is sued in his official capacity only.

15. This Complaint refers to Defendants identified in paragraphs 13 and 14 above collectively as the "State Defendants."

## FACTUAL BACKGROUND

16. The expressway project is a "major highway project" as defined by Wis. Stat. § 84.013(1)(a). Before WisDOT can prepare an environmental impact statement (EIS) or environmental assessment for a major highway project, Wis. Stat. § 13.489 requires that the project be reviewed and approved by the Transportation Projects Commission. The Transportation Projects Commission is chaired by the Governor and also consists of three citizen members appointed by the Governor, five State senators and five representatives to the State Assembly appointed as are the members of standing committees in their respective houses, and the Wisconsin Secretary of Transportation as a non-voting member.

17. Under Wis. Stat. § 84.013(3)(ra), the Wisconsin State Legislature enumerated the expressway project as a major highway project in its 1999 biennial budget, and authorized WisDOT to proceed with construction without prior review and approval of the project by the Transportation Projects Commission. Although the Legislature amended § 84.013 in April 2004 to prohibit construction of future major highway pro-

jects without review and approval by the Transportation Projects Commission, the WIS 23 expressway project was never reviewed or approved by that Commission.

18. FHWA and WisDOT prepared a Draft EIS (DEIS) for the expressway project, which was signed on November 3, 2004.

19. On January 5, 2005, WisDOT held two "public hearings" on the DEIS for the expressway project—one in Greenbush, Wisconsin, and one in Fond du Lac, Wisconsin—in purported compliance with FAHA, 23 U.S.C. § 128(a). These "hearings" were the final formal opportunity to provide input in the planning of the expressway project before a corridor was selected. Both "hearings" were conducted in an "open forum" or "open house" rather than a traditional "town hall" format—i.e., they did not permit members of the public to publicly express their views directly to WisDOT representatives and to other members of the public. Rather, WisDOT required those who wished to express an opinion or make a suggestion to either dictate their comments in private to a court reporter or complete written comment forms. One court reporter was available at each "hearing" to record individual testimony.

20. FWHA and WisDOT prepared a Supplemental DEIS (SDEIS) for the expressway project, which was signed on December 23, 2009.

21. On February 24, 2010, WisDOT held a "public hearing" on the SDEIS for the expressway project in Fond du Lac. This "hearing" was, like the January 5, 2005 "hearings," conducted in the "open forum" or "open house" format rather than a traditional "town hall" format, as more fully described in paragraph 19 above.

22. FHWA and WisDOT prepared the FEIS for the expressway project, which was signed on June 2 and 3, 2010. The FEIS asserts that the January 5, 2005 and Febru-

ary 24, 2010 "public hearings" on the DEIS and SDEIS, respectively, "satisfied all the legal requirements for these types of hearings."

23. When the Legislature enumerated the expressway project in the 1999 biennial budget, the estimated cost was stated to be $39.5 million. At the time of the January 5, 2005 "hearings," the cost was estimated to be between $45 million and $85 million. By April of that year, the estimated cost had risen to $95.6 million. By the time the FEIS was signed in June 2010, the estimated cost of the project had ballooned to $139.7 million.

24. On September 27, 2010, FHWA issued its ROD on the expressway project.

25. On December 6, 2010, FHWA's "Notice of Final Federal Agency Actions on Proposed Highway in Wisconsin" (Notice) was published in the *Federal Register*. The Notice announced final FHWA action granting approval of the expressway project, and referred to the FEIS, the ROD, and other documents in the administrative record for a description of the agency's actions on the project. A true and correct copy of the Notice is attached to this Complaint.

FIRST CAUSE OF ACTION: VIOLATION OF NEPA'S EIS REQUIREMENT

26. Plaintiff asserts this First Cause of Action against the Federal Defendants and Defendant Gottlieb.

27. Plaintiff realleges and incorporates paragraphs 1 through 25 above as though fully set forth in this First Cause of Action.

28. NEPA requires all agencies of the federal government (or a state agency with the guidance and participation of the responsible federal official) to prepare an EIS

on all major federal actions significantly affecting the quality of the human environment. After FHWA and WisDOT determined that the expressway project is a major federal action significantly affecting the quality of the human environment, they undertook the preparation of an EIS.

29. NEPA requires federal agencies to "utilize a systematic, interdisciplinary approach which will insure the integrated use of natural and social sciences and the environmental design arts in planning and in decisionmaking which may have an impact on man's environment." 42 U.S.C. § 4332(A). Regulations promulgated by the Council on Environmental Quality (CEQ) to govern the criteria and procedures to be applied by federal agencies when they review proposed projects under NEPA require agencies to "insure the professional integrity, including scientific integrity, of the discussion and analyses in environmental impact statements." 40 C.F.R. § 1502.24.

30. An EIS must include a discussion of indirect effects and their significance. 40 C.F.R. § 1502.16(b). CEQ regulations define indirect effects as those that are "caused by the action and are later in time or farther removed in distance [than direct effects], but are still reasonably foreseeable." 40 C.F.R. § 1508.8(b). Indirect effects "include growth inducing effects and other effects related to induced changes in the pattern of land use, population density or growth rate, and related effects on air and water and other natural systems, including ecosystems." *Id*.

31. An EIS must include a discussion of cumulative environmental impacts. 40 C.F.R. § 1508.25. "Cumulative impact" is

> the impact on the environment which results from the incremental impact of the action when added to other past, present and reasonably foreseeable future actions regardless of what agency (Federal or non-Federal) or person undertakes such other actions. Cumulative impacts can result from in-

10
Case 2:11-cv-00545-LA    Filed 06/06/11    Page 10 of 17    Document 1

dividually minor but collectively significant actions taking place over a period of time.

40 C.F.R. § 1508.7. A proper cumulative impacts analysis will assess the proposed action in light of other activity that has affected or will affect the same environmental resources. The goal is to highlight any environmental degradation that might occur if the minor effects of multiple actions accumulate over time.

32. An EIS must discuss alternatives to a proposed action. 42 U.S.C. § 4332(C)(iii). The CEQ regulations specify that the agency preparing the EIS must "[r]igorously explore and objectively evaluate all reasonable alternatives, and for alternatives which were eliminated from detailed study, briefly discuss the reasons for their having been eliminated." 40 C.F.R. § 1502.14(a).

33. The FEIS fails to identify, disclose, and study adequately the indirect and cumulative impacts of the expressway project on the natural and human environment, including but not limited to:

    a. Impacts of induced demand, whereby the expansion of the highway itself increases traffic by influencing motorists to use the expanded highway capacity and developers to build in the vicinity of that increased traffic;

    b. Impacts of additional air pollution, with attendant increase in adverse health effects and risks, resulting from increased volumes of traffic;

    c. Impacts of community and neighborhood effects of the project;

    d. Impacts of effects on existing and planned land use, including but not limited to impacts on farmland;

    e. Impacts on economic development and the local economy; and

f. Impacts of expenditure of limited public funds on this highway project in lieu of other highway improvement projects that are needed throughout the state.

34. The FEIS fails to consider adequately all reasonable alternatives to the expressway project, including but not limited to:

a. Construction of a "Super 2" roadway with left turn and passing lanes where appropriate;

b. "No Build" alternatives, including such measures as widening the road shoulders, access control plans, increasing the percentage of the road that allows for passing, constructing truck climbing lanes, and spot improvements that would correct problems at intersections and curves; and

c. Various combinations of the above alternatives.

35. For the reasons described in paragraphs 33 and 34 above, the FEIS fails to fulfill the purposes of NEPA; the Federal Defendants and Defendant Gottlieb violated NEPA by failing to prepare an adequate FEIS; and the Federal Defendants' approval of the expressway project based on that flawed FEIS, as well as Defendant Gottlieb's decision to proceed with the project on that basis, is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## SECOND CAUSE OF ACTION: VIOLATION OF WEPA'S EIS REQUIREMENT

36. Plaintiff asserts this Second Cause of Action against the State Defendants.

37. Plaintiff realleges and incorporates paragraphs 1 through 35 above as though fully set forth in this Second Cause of Action.

38. WEPA imposes on Wisconsin state agencies substantively identical requirements, with respect to preparation of an EIS, as NEPA does on federal agencies.

39. For the reasons described in paragraphs 33 and 34 above, the FEIS fails to fulfill the purposes of WEPA; the State Defendants violated WEPA by failing to prepare an adequate FEIS; and the decision of the State Defendants to proceed with the expressway project based on that flawed FEIS is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## THIRD CAUSE OF ACTION: VIOLATION OF SECTION 4(f) OF THE DEPARTMENT OF TRANSPORTATION ACT

40. Plaintiff asserts this Third Cause of Action against the Federal Defendants.

41. Plaintiff realleges and incorporates paragraphs 1 through 25 above as though fully set forth in this Third Cause of Action.

42. Section 4(f) of the Department of Transportation Act, 49 U.S.C. § 303(c), requires the Secretary of Transportation to consider and make a determination of the environmental impact of highways on historic sites and on public parks, recreation areas, and wildlife refuges.

43. FHWA's environmental impact regulations, 23 C.F.R. §§ 771.105(1) and 771.133, combine the § 4(f) determination with the EIS. Accordingly, the FEIS in the present case is expressly combined with the § 4(f) determination.

44. The expressway project may affect numerous nearby historic sites and public parks, recreation areas, and wildlife refuges, including the Old Wade House State Park, the Northern Unit of the Kettle Moraine State Forest, the Ice Age Trail, and the State Equestrian Trail. The FEIS fails to consider adequately the impacts of the expressway project on such sites.

45. For the reason described in paragraph 44 above, the FEIS fails to fulfill the purposes of § 4(f) of the Department of Transportation Act; the Federal Defendants accordingly violated that statute; and the Federal Defendants' approval of the expressway project without adequate consideration of the project's effect on historic sites and public parks, recreation areas, and wildlife refuges is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

### FOURTH CAUSE OF ACTION: VIOLATION OF FAHA AND WEPA'S PUBLIC HEARING REQUIREMENT

46. Plaintiff asserts this Fourth Cause of Action against the Federal Defendants and Defendant Gottlieb insofar as the cause of action is based on FAHA's public hearing requirement, and against the State Defendants insofar as it is based on WEPA's public hearing requirement.

47. Plaintiff realleges and incorporates paragraphs 1 through 25 above as though fully set forth in this Fourth Cause of Action.

48. FAHA, 23 U.S.C. § 128(a), requires that when a state's proposed highway project "involv[es] the bypassing of, or going through, any city, town, or village," the state must certify to FHWA (on behalf of the Secretary of Transportation) that "it has had public hearings, or has afforded the opportunity for such hearings." WEPA, Wis. Stat. § 1.11(2)(d), also requires such a public hearing for every proposal other than legislation.

49. A public hearing must allow citizens an opportunity to express their views in front of agency representatives and other citizens—i.e., an opportunity for citizens to make their views generally known to the agency and the community.

50. The open forum or open house "hearings" provided by WisDOT on the DEIS and SDEIS for the expressway project, at which citizens could express their views

to no one other than a court reporter, were not public hearings as required by FAHA and WEPA.

51. For the reason described in paragraph 50 above, the Federal Defendants violated FAHA's public hearing requirement, and the State Defendants violated WEPA's public hearing requirement.

52. For the reasons described in paragraphs 50 and 51 above, the Federal Defendants' approval of the expressway project without assuring that WisDOT held an adequate public hearing is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and, likewise, the decision of the State Defendants to proceed with the expressway project without having held an adequate public hearing is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Declaring that the Federal Defendants and Defendant Gottlieb have failed to comply with NEPA, and the State Defendants with WEPA, by failing to prepare an adequate FEIS;

2. Declaring that the Federal Defendants have failed to comply with the Department of Transportation Act by failing to consider adequately the impacts of the expressway project on historical sites and public parks, recreation areas, and wildlife refuges;

3. Declaring that the Federal Defendants and Defendant Gottlieb have failed to comply with FAHA, and the State Defendants with WEPA, by failing to require or hold an adequate public hearing;

4. Declaring that the Federal Defendants' approval of the expressway project, as well as the State Defendants' decision to proceed with the project, is by reason of the foregoing deficiencies arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

5. Vacating the FEIS, ROD, and Notice pertaining to the expressway project;

6. Vacating any project agreement authorizing the use of federal funds for the expressway project pursuant to 23 U.S.C. § 106(a);

7. Remanding the FEIS, ROD, and Notice to Defendants for the purposes of curing their violations of NEPA, WEPA, the Department of Transportation Act, and FAHA, and reconsideration of their positions on the expressway project in light of this Court's Decision;

8. Preliminarily and permanently enjoining Defendants from taking any action that in any manner supports or funds the design, property acquisition, construction, or development of the expressway project until the violations of NEPA, WEPA, the Department of Transportation Act, and FAHA have been cured;

9. For an award to Plaintiff of its reasonable attorney fees, costs, expenses, and disbursements associated with this litigation; and

10. For such other or further relief as authorized by law and as this Court may deem just and proper.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2011.

s/Charles H. Barr—SBW # 1004802
Attorney for Plaintiff
CROEN & BARR LLP
250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202
Ph: 414-226-2080
Fax: 414-892-5752
E-mail: cbarr@croenbarr.com

s/Elizabeth G. Rich—SBW # 1019123
Attorney for Plaintiff
ELIZABETH GAMSKY RICH &
ASSOCIATES SC
435 East Mill Street
Plymouth, WI 53073
Ph.: 920-892-2449
Fax: 866-623-4338
E-mail: erich@rich-law.com